UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH JASSO, CDCR #H-86397,<br><br>                          Plaintiff,<br><br>vs.<br><br>FLORES, Sergeant; UNKNOWN SAN YSIDRO POLICE DEPT. OFFICERS 1–3,<br><br>                        Defendants. | Case No.: 3:24-cv-00615-JAH-MMP<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

## I.  Background

Plaintiff Ralph Jasso, a prisoner proceeding without counsel and currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Unlike most prisoners, Jasso is not proceeding *in forma pauperis*, but instead has paid the full civil and administrative filing fee required by 28 U.S.C. § 1914(a). (*See* ECF No. 4, Receipt No. 153272.)

For the reasons explained below, the Court *sua sponte* **DISMISSES** this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and **DENIES** leave to amend as futile.

## II. *Sua Sponte* Screening pursuant to 28 U.S.C. § 1915A(a)

Under 28 U.S.C. § 1915A(a) courts must conduct an "early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The required screening provisions of § 1915A(a) apply to all prisoners, no matter their fee status. *See e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rules 8 and 12(b)(6) together require that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III. Factual Allegations

In his Complaint, Jasso alleges San Ysidro Police Department ("SYPD") Sergeant Flores and three unidentified SYPD Officers violated his constitutional rights during the course of his arrest more than twenty years ago, on June 6, 2002. (Compl. at 2–3.) Jasso was subsequently charged and convicted by jury one year later of attempted criminal

threats in violation of California Penal Code § 422. (*Id.* at 3.) His Complaint includes claims of false arrest at a McDonalds' restaurant in San Ysidro, police department discrimination based on race, and a conspiracy to "put [him] in prison because [he's] a potential witness" of SYPD corruption and a member of an organized drug cartel. (*Id.* at 4.) Jasso seeks a "fair investigation [of] … police abuse of power and corruption" and $4 million in general and punitive damages. (*Id.* at 7.)

**IV.  Discussion**

    A.    <u>Statute of Limitations</u>

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff fails to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may *sua sponte* raise the defense of statute of limitations), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc).

Jasso brings this suit pursuant to 42 U.S.C. § 1983, but because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). As of January 1, 2003, "California['s] statute of limitations for assault, battery, and other personal injury personal injury actions is two years." *Jones*, 393 F.3d at 927 (citing

Cal. Civ. Proc. Code § 335.1 (West Supp. 2004)). Before then, however, "California's statute of limitations for personal injury actions was one year." *Id.* (citing Cal. Civ. Proc. Code § 340(3) (West Supp. 2002)).

The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California Civil Procedure Code § 352.1(a) provides that when a plaintiff is "imprisoned on a criminal charge" for "a term less than life" at the time a claim accrues, the statute of limitations is statutorily tolled during the time of his imprisonment for up to two more years. *See* Cal. Civ. Proc. Code § 352.1(a); *see also Fink*, 192 F.3d at 914. "Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones*, 393 F.3d 918, 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)).

Unlike the length of the limitations period or tolling, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

B.  Accrual

Applying these principles, Jasso's claims against the SYPD officers he seeks to sue accrued on June 6, 2002, the date of his allegedly unlawful arrest. (Compl. at 3.) *See*

*Wallace*, 549 U.S. at 397 (holding that a § 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings"); *Lepe v. Banister*, 232 F. App'x 735, 736 (9th Cir. 2007) (same). Under Cal. Code Civil Procedure 335.1, the limitation period expired on or about June 7, 2003. *See Jones*, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 340(3) (West Supp. 2002)). However, Jasso did not file this action until March 28, 2024, more than twenty years after the statute of limitations expired. Therefore, his claims are time-barred unless his Complaint also contains factual allegations sufficient to show he is eligible for either statutory or equitable tolling. *See Cervantes*, 5 F.3d at 1276–77.

  C. <u>Statutory and Equitable Tolling</u>

  First, while the Court may take judicial notice of Jasso's conviction and sentence for a term of "less than life", and assume he is entitled to tolling pursuant to Cal. Civ. Code § 352.1(a) because he was in continuous pretrial custody at the time his claims accrued,[1] that statute only extends the limitations period for a maximum of two additional years, or,

---

[1] In *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994), the Ninth Circuit found that "being continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge'" under Cal. Civ. Proc. Code § 352(a)(3), the predecessor to § 352.1, and thus the plaintiff was entitled to tolling during all post-arrest custody. *Id.* at 802–03. A California Court of Appeal panel later held, however, that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1" only if he or she was "serving a term of imprisonment in the state prison" at the time the cause of action accrued. *See Austin v. Medicis*, 21 Cal. App. 5th 577, 597 (2018). "After *Austin*, there has been a split among district courts in California whether to follow *Elliott* or *Austin* in applying the tolling provisions of Section 352.1 for plaintiffs whose claims accrued while in pretrial detention." *Cota v. Santa Ana Police Dep't*, 2022 WL 2199324, at *4 (C.D. Cal. Feb. 28, 2022) (citing cases). However, a recent, albeit unpublished Ninth Circuit opinion holds that *Elliott* continues to control. *See Mosteiro v. Simmons*, 2023 WL 5695998, at *2 (9th Cir. Sept. 5, 2023). Accordingly, while the additional two years of tolling provided by § 352.1 would still not render Jasso's claims timely, this Court will assume § 325.1 applies to Plaintiff as his wrongful arrest claims accrued while he was in continuous pre-trial custody of the San Diego County Sheriff's Department following his arrest on June 6, 2002. (*See* Compl. at 3.)

in Jasso's case, to June 6, 2005. *See People v. Jasso,* 2005 WL 1649000, No. D044766 (Cal. Ct. App., 4th Dist., Div. 1 July 13, 2005); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted). Jasso did not file his Complaint until March 2024; therefore, his wrongful arrest claims against the SYPD still come more than nineteen years too late.

Second, Jasso's claims could nevertheless be considered timely if he included facts on the face of his pleading to show the limitations period was *equitably* tolled. *See Cervantes*, 5 F.3d at 1276–77. Under California law, however, Jasso must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316–17 (1978); *Fink*, 192 F.3d at 916. However, Jasso has not pleaded any facts to explain why he did not diligently pursue claims accruing in 2002 or what "forces beyond his control" prevented him from filing this action earlier. Thus, he has not plausibly alleged a claim for equitable tolling either. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. App'x 642, 643 (9th Cir. 2010).

Accordingly, the Court finds Jasso's claims are barred by the statute of limitations, and his entire Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *Von Saher*, 592 F.3d at 969; *Olivas*, 856 F.3d at 1283.

/ / /

/ / /

### D. Leave to Amend

While the Court would typically grant Jasso leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by his pleadings would be futile. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Amendment is futile because even if Jasso could somehow allege facts to show his claims were timely, he still could not proceed pursuant to 42 U.S.C. § 1983 because his claims of unlawful arrest and malicious prosecution necessarily imply the invalidity of his conviction and his previous attempts at invalidating that conviction have already proven unavailing. *See Nettles v. Grounds,* 830 F.3d 922, 928 (9th Cir. 2016) (noting that plaintiff may not bring a § 1983 action that "'necessarily require[s] [him] to prove the unlawfulness of his conviction'" unless he can "first … prove that the conviction … was eliminated, including 'by a federal court's issuance of a writ of habeas corpus.'") (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (finding plaintiff's § 1983 claims for "wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges" were *Heck*-barred because they "could not have occurred unless [plaintiff] were innocent of the crimes for which he was convicted.").

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Thus, the Court takes judicial notice of both Jasso's direct appeal in *People v. Jasso*, 2005 WL 1649000, No. D044766 (Cal. Ct. App., 4th Dist., Div. 1 July 13, 2005), affirming his attempted criminal threats conviction in San Diego Superior Court Case No. SCS176657, and a habeas corpus petition he filed in this Court pursuant to 28

U.S.C. § 2254 in 2008 which also unsuccessfully sought to challenge the constitutional validity of that same conviction. *See Jasso v. Hernandez*, No. CIV. 08-0548-JAH WVG, 2011 WL 1235723, at *4 (S.D. Cal. Apr. 4, 2011).

Because these collateral proceedings show Plaintiff cannot amend his pleading in this case to allege the additional facts required to show either that his claims are timely, or that the underlying conviction which forms the basis of his § 1983 suit has already been invalidated, the Court finds amendment would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted). "[A] court cannot address a § 1983 claim if doing so would require it to first resolve a claim that falls within the core of habeas corpus." *Nettles*, 830 F.3d at 928.

### E.   Jasso's Letters

Finally, since filing his Complaint and paying the filing fee, Jasso has also written a series of letters addressed to the Court in violation of S.D. Cal. CivLR 83.9, but which it has accepted for filing in light of Jasso's *pro se* status. (*See* ECF Nos. 5–10.) While rambling and often difficult to decipher, two of these letters repeat the allegations of SYPD corruption contained in his Complaint and attest to his innocence. (*See* ECF Nos. 9, 10.)

Jasso's remaining letters, however, appear to challenge various conditions of his current confinement at SVSP, mention a 6-day hunger strike, complain of several instances of inadequate medical care spanning over an unspecified period of time, and refer to a "beat[ing]" he claims to have either sustained or witnessed at SVSP. (*See* ECF Nos. 6, 7, 8, 10.) Because none of these allegations are related to the claims contained in his Complaint, none of them involve the Defendant SYPD Officers Jasso seeks to sue, and Jasso does not incorporate them by reference to his pleading, the Court need not address them. *See Marks v. Washington,* 2019 WL 2746594, at *2 (W.D. Wash. June 6, 2019) ("A complaint may incorporate documents by reference; but, the documents must actually be referred to in conjunction with a specific claim[.]") (citing *Khoja v. Orexigen Therapeutics,*

*Inc.,* 899 F.3d 988, 1002–04 (9th Cir. 2018))*, report and recommendation adopted,* 2019 WL 2725685 (W.D. Wash. July 1, 2019); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that while "[c]ertain written instruments attached to pleadings may be considered part of the pleading[,] … a document [] not attached to a complaint [] may be incorporated by reference into a complaint [only] if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

However, the Court advises Jasso that to the extent he wishes to challenge the constitutionality of any condition of his confinement at SVSP, he may do so in a new and separate civil rights action filed in the Northern District of California, as such claims would presumedly arise in Monterey County where SVSP is located, and where prison officials responsible for his safety and welfare presumedly reside. *See* 28 U.S.C. §§ 84(a), 1391(b).

## V. Conclusion

For all the reasons discussed, the Court **DISMISSES** this civil action in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and **DENIES** leave to amend as futile. The Clerk is **DIRECTED** to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2024

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE